## Moses McDonald *vs.* Samuel Trafton.

To render a sale void by reason of false representations, there must be proof not only that they were untrue, but that they were made by the vendor with the design to deceive, and that the other party was thereby deceived and injured; and such design must be proved by other evidence than the mere fact, that the representations were not true.

Whether there be fraud or not is a question for the jury to decide; but if a Judge of the Common Pleas himself decide, that upon the facts in evidence there is no fraud; and if the testimony on which the decision was made will not authorize a jury to find that there was fraud; a new trial will not be ordered.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

Assumpsit on a promissory note, dated *Sept.* 9, 1835, for $100, payable to *John A. Morrill*, or order, and by him indorsed. The defence was grounded on the alleged false and fraudulent representation of *Morrill*, in regard to a lot of timber land of which he held a bond. The transfer of the bond was the consideration of the note, and it was alleged, that the defendant was induced to make the purchase and give the note by those representations. The defendant proved, that the plaintiff before the indorsement knew on what account the note was given, and that the defendant refused to pay the note. The evidence given is fully reported in the bill of exceptions, and tended to prove that the representations made by *Morrill* to the defendant with respect to the timber, were incorrect, but there was no evidence, that the defendant knew, or had reason to believe, they were not correct. The Judge ruled, " that the foregoing facts did not constitute such evidence of fraud as would vitiate the note, and directed the jury to return a verdict for the plaintiff." They did so, and the defendant filed exceptions.

The arguments were in writing.

*Fairfield* and *Jameson*, for the defendant.

1. The same defence may be set up to this action, as if it had been brought in the name of the payee.

2. The law in cases of this description requires no proof of a *scienter*. If the representations made by *Morrill* to the defendant, in relation to the timber, were not true in fact, it is a good defence against the note. The cases it is true, are contradictory upon this

point; but those denying the necessity of such proof seem to carry the better reason with them. They cited the following authorities, and commented upon several of them. 2 *East*, 107; 1 *ib.* 318; *Allen* v. *Addington*, 7 *Wend.* 9; *Bostwick* v. *Lewis*, 2 *Day's Cases*, 250; *Sherwood* v. *Salmon*, 5 *Day*, 439; *Young* v. *Covell*, 8 *Johns. R.* 23; 12 *East*, 633; *Herrick* v. *Kingsley*, 3 *Fairf.* 278.

3. But if it be necessary to show a *scienter*, and consequently that the representations were fraudulent, whether the evidence did or did not show it, was a question entirely and peculiarly within the province of the jury to answer. 5 *Wheeler's Ab.* 467; 3 *Conn. R.* 483; 2 *Bay*, 520; 2 *Conn. R.* 371; 2 *Stark. Ev.* 267; *Sill* v. *Rood*, 15 *Johns. R.* 230; *Sherwood* v. *Marwick*, 5 *Greenl.* 303.

*Howard*, for the plaintiff.

Fraud is not to be presumed; and to sustain the defence, there must have been proof of actual fraud, and the *scienter* on the part of the plaintiff. 3 *Stark. Ev.* 1634; *Sugd. Vend.* 5; *Hepburn* v. *Dunlop*, 1 *Wheat.* 179; *Herrick* v. *Kingsley*, 3 *Fairf.* 278, cited for the defendant.

Whether the decision is made by the Court or the jury is unimportant, if made right. Should the jury return a verdict against evidence, the Court would set it aside as often as returned. *Bryant* v. *Com. Ins. Co.*, 13 *Pick.* 543. The Court will not set aside a verdict, when it appears that a different verdict would be against the evidence at the trial. 8 *Mass. R.* 336; 17 *ib.* 30; 5 *Pick.* 240; *ib.* 244. The Court can and do set aside verdicts which are manifestly against evidence, or the weight of evidence; and of course are the judges of the weight of evidence. 5 *Mass. R.* 353; 7 *ib.* 261; 8 *ib.* 336; 13 *ib.* 513; 13 *Pick.* 543. If the jury are misdirected by the Judge, a new trial will not be granted, when it appears, that the verdict is right, and that justice had been done. 5 *Mass. R.* 10; *ib.* 104; 7 *Greenl.* 442; *ib.* 141; 6 *Cowen*, 118; 7 *Mass. R.* 507.

After a continuance, the opinion of the Court was drawn up by

SHEPLEY J.—The plaintiff in this case is in no better condition, than the payee of the note. Does the case prove such fraud

in the payee as to prevent a recovery by him? And was the Judge in error in instructing the jury, that such fraud was not proved? There is no evidence tending to prove, that the payee knew, that his representations were not true. And the counsel for the defendant contend, that such proof is not necessary to avoid the note. Fraud in such cases consists in an intention to deceive. Where the evidence does not prove, that the party making the representation knew it to be untrue, the fraud can be established only by proof of a design to deceive by making statements of which the party knows nothing, and that the other was thereby deceived and injured. And such design must be proved by other evidence, than the mere fact, that the representation was not true. *Early* v. *Garrett*, 9 *B. & C.* 928; *Herrick* v. *Kingsley*, 3 *Fairf.* 278.

It is also insisted, that the evidence should have been submitted to the consideration of the jury. Fraud, being a question of intention usually, is in such cases for the jury. It must always necessarily be a question of fact for the jury, where the law affords no general rule or principle, by which the court can be guided; for a court cannot in the absence of legal rules, as a jury can, draw conclusions from the ordinary rules of honest and fair dealing.

It might have been more regular to have informed the jury, what the law required to be proved to avoid the note, and to have called their attention to the testimony, by which they would have perceived, that the fraud was not proved; but as it appears from the testimony reported, that the jury would not have been authorized to find a verdict for the defendant, there is no reason for setting it aside. *Young* v. *Covell*, 8 *Johns. R.* 23.

*Exceptions overruled.*